IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES HAMILTON, | ) | Case. No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM L. PALLOZZI, Superintendent of the Maryland State Police; BRIAN E. FROSH, Attorney General of Maryland, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Now comes Plaintiff James Hamilton, by and through undersigned counsel, and complains of Defendants as follows:

THE PARTIES

1. Plaintiff James Hamilton is a natural person and citizen of Maryland and of the United States, residing in District Heights, Maryland. Mr. Hamilton presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of the policies complained of in this action.

2. Defendant William L. Pallozzi is sued in his capacity as the Superintendent of the Maryland State Police. As State Police Superintendent, Pallozzi is responsible for executing and administering laws, customs, practices, and policies of the State of Maryland, and is presently enforcing the laws, customs, practices and policies complained of in this action.

3. Brian E. Frosh is sued in his capacity as the Attorney General of Maryland. As Maryland Attorney General, Frosh is responsible for executing and administering laws, customs,

Case 1:15-cv-02142-JKB   Document 1   Filed 07/22/15   Page 2 of 6

practices, and policies of the State of Maryland, and is presently enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

## STATEMENT OF FACTS

*Plaintiff's Background*

6. Plaintiff Hamilton is over the age of 21, is not under indictment, and has never been convicted of a misdemeanor crime of domestic violence, any other crime of violence, or any common law crime for which he received a sentence exceeding two years imprisonment. Hamilton is not a fugitive from justice, habitual drunkard, or an unlawful user of or addicted to any controlled substance.

7. Hamilton has not been adjudicated a mental defective or committed to a mental institution, nor has he been voluntarily admitted to a mental institution. Hamilton does not suffer from any mental disorder, nor has he ever been found incompetent to stand trial or not criminally responsible by reason of insanity.

8. Hamilton has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

9. On November 6, 2006, Hamilton was convicted by the Rockbridge County (Virginia) Circuit Court of three felonies: one count of credit card fraud, in violation of Va. Code Ann. § 18.2-195; one count of credit card theft, in violation of Va. Code Ann. § 18.2-192; and one count of credit card forgery, Va. Code Ann. § 18.2-193. He received a suspended sentence of four years, and was ordered to pay $1,247.90 in restitution and $1,090.00 in court costs. Hamilton successfully completed probation, made restitution, and paid his costs. But owing to this conviction, Hamilton lost his political rights in Virginia: the rights to vote; hold public office; sit on a jury; serve as a notary; and ship, transport, possess or receive firearms.

10. On November 20, 2013, the Governor of Virginia restored Hamilton's rights to vote, hold public office, sit on a jury, and serve as a notary.

11. On April 22, 2014, the Circuit Court for Spotsylvania County, Virginia, restored Hamilton's firearms rights under Virginia law

12. By virtue of the restoration of his rights in the jurisdiction where he was convicted, Hamilton is not prohibited under federal law from possessing firearms.

13. Hamilton is now a registered Armed Security Officer with the Virginia Department of Criminal Justice Services, certified in the use of handguns and shotguns.

14. A married father of three children, Hamilton also serves as the head coach of an elite junior league wrestling team, supervising the training, competition, and travel of children ages five through sixteen.

15. Hamilton is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen.

*Defendants' Regulatory Scheme*

16.    A handgun is considered a "regulated firearm" under Maryland law. Md. Pub. Safety Code § 5-101(r)(1). Maryland law provides that "a person may not possess a regulated firearm if the person: (1) has been convicted of a disqualifying crime . . . ." Md. Pub. Safety Code Ann. § 5-133(b)(1). Possession of a handgun in violation of this provision is a misdemeanor punishable by up to 5 years imprisonment, a $10,000 fine, or both. Md. Pub. Safety Code Ann. § 5-144(b); *Jones* v. *State*, 420 Md. 437 (2011). The same punishment applies to "[a] dealer or other person may not sell, rent, or transfer a regulated firearm to a purchaser, lessee, or transferee who the dealer or other person knows or has reasonable cause to believe . . . (2) has been convicted of a disqualifying crime . . . ." Md. Pub. Safety Code Ann. § 5-134.

17.    Maryland forbids the possession of rifles and shotguns by anyone convicted of a "disqualifying crime." Md. Pub. Safety Code § 5-205(b)(1). A violation of this provision is a misdemeanor punishable by up to 3 years' imprisonment, a $1000 fine, or both. Md. Pub. Safety Code § 5-205(d).

18.    "'Disqualifying crime' means . . . (2) a violation classified as a felony in the State . . . ." Md. Pub. Safety Code Ann. § 5-101(g). The term extends to crimes committed in other states, if the equivalent crime is a felony in Maryland. *McCloud* v. *Dep't of State Police*, 426 Md. 473 (2011).

*Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

19.    Maryland's provisions equivalent to those of which Hamilton was convicted in Virginia are Md. Crim. Law Code Ann. § 8-204, credit card theft, a misdemeanor; Md. Crim. Law Code Ann. § 8-205, credit card counterfeiting, a felony; and Md. Crim. Law Code Ann. § 8-209,

4

Receiving property by stolen, counterfeit, or misrepresented credit card, a felony on the facts of Hamilton's case.

20.     Hamilton sought a permit to carry a handgun from the Maryland State Police. The police's Licensing Division informed Hamilton that he could not possess a firearm in Maryland, owing to his Virginia conviction, unless he were to obtain a full pardon from Virginia's governor. The State of Maryland does not offer Hamilton any procedure by which he might regain his firearm rights in Maryland. Defendant Frosh's office subsequently confirmed this position.

21.     Hamilton refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under Md. Pub. Safety Code Ann. §§ 5-133(b)(1), 5-144, 5-205(b)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

<u>COUNT ONE</u>
<u>42 U.S.C. § 1983</u>
<u>INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF</u>
<u>RIGHT TO KEEP AND BEAR ARMS, U.S. CONST., AMEND II, XIV</u>

22.     The allegations of paragraphs 1 through 21 are incorporated as though fully set forth herein.

23.     Hamilton is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. Hamilton is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

24.     On account of James Hamilton's unique personal circumstances, including but not limited to the nature of his convictions, the restoration of his rights, the passage of time since those

5

convictions, Hamilton's generally law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Hamilton, personally, the firearms prohibitions of Md. Pub. Safety Code Ann. §§ 5-133(b)(1), 5-144, and 5-205(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. Declaratory relief to the effect that application of Md. Pub. Safety Code Ann. §§ 5-133(b)(1), 5-144, and 5-205(b)(1) against Hamilton, on account of his November 6, 2006, Virginia convictions, violates the Second and Fourteenth Amendments to the United States Constitution;

2. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Md. Pub. Safety Code Ann. §§ 5-133(b)(1), 5-144, and 5-205(b)(1) against Hamilton, on account of his November 6, 2006, Virginia convictions;

3. Costs of suit;

4. Attorney Fees and Costs pursuant to 42 U.S.C. § 1988; and

5. Any other further relief as the Court deems just and appropriate.

Dated: July 21, 2015                               Respectfully submitted,

                                          By:   /s/ Cary J. Hansel
Alan Gura*                                      Cary J. Hansel
Gura & Possessky, PLLC                          Hansel Law, P.C.
105 Oronoco Street, Suite 305                   2514 N. Charles Street
Alexandria, VA 22314                            Baltimore, MD 21218
703.835.9085/Fax 703.997.7665                   301.461.1040/Fax 443.451.8606
alan@gurapossessky.com                          cary@hansellaw.com

*Admission pro hac vice pending                 Attorneys for Plaintiff