IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| JAMES HAMILTON | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.  JKB 15-2142 |
| WILLIAM L. PALLOZZI, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Defendants William L. Pallozzi, Secretary of the Maryland Department of State Police, and Brian E. Frosh, Attorney General of Maryland State of Maryland, sued in their official capacities, have moved to dismiss the complaint in this action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Plaintiff, convicted of three felonies in the Commonwealth of Virginia, is disqualified under Maryland law from possessing handguns, rifles or shotguns in the State. The Plaintiff's claim — that the application of disqualifications under Maryland's firearms laws based on his convictions in the Commonwealth of Virginia violates the right to keep and bear arms in the Second Amendment to the United States Constitution — fails to state a claim upon which relief can be granted because laws prohibiting felons from possessing firearms are facially valid, and Plaintiff has not shown factual circumstances that remove his

challenge from the realm of ordinary challenges to such laws.

## FACTUAL BACKGROUND

Plaintiff acknowledges that he was convicted in 2006 in Viriginia of three felony offenses: credit card fraud, Va Code Ann. § 18.2-195; credit card theft, Va Code Ann. § 18.2-192; and credit card forgery, Va Code Ann. § 18.2-193, and that as a result of those convictions, he lost the ability to lawfully possess firearms. Complaint ¶ 9. Plaintiff states that his ability to possess firearms under Virginia law, and federal law, was restored by Virginia court order in 2014. Complaint ¶ 11, 12.

Plaintiff alleges that he was informed by the Maryland State Police Licensing Division that he could not possess a firearm due to his Virginia convictions, unless he were to obtain a full pardon from Virginia's governor. Complaint ¶ 20. Plaintiff alleges that he wishes to purchase and possess a handgun and a longun for self-defense in his home, but refrains from doing so because he fears that he would face arrest and prosecution for violation of Maryland law. Complaint ¶ 1, 21. Plaintiff challenges the application of his Virginia convictions as disqualifications under Maryland's firearms laws as violative of his rights under the Second Amendment.[1]

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim on which relief can be

---

[1] Plaintiff refers to the 14th Amendment in the Prayer for Relief in his Complaint, but does not specifically allege any violation of his rights to due process or equal protection, or assert any facts that would support such claims.

granted, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court is required to "'take the facts in the light most favorable to the plaintiff,'" the Court "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal citation omitted)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

### The Plaintiff Fails to State a Claim on Which Relief Can Be Granted Because the Application of his Virginia Convictions as Disqualifications under Maryland's Firearms Law Does Not Violate the Second Amendment.

A.   Maryland's Firearms Law

Maryland law generally prohibits the possession of handguns, rifles and shotguns by persons who have been convicted of "a violation classified as a felony in the State" or "a violation classified as a misdemeanor in the State that carries a statutory penalty of more than 2 years." *See*, Md. Code Ann. Pub. Safety ("PS") §§ 5-101(g), 5-133(b)(1) and 5-205(b)(1). The Maryland Court of Appeals has held that the definition of "disqualifying crime" in PS § 5-101(g) includes out-of-state convictions and, that for misdemeanor crimes, when

3

determining whether such a conviction is a disqualifying crime, an agency must look to the maximum penalty for the equivalent offense in Maryland. *McCloud v. Dept. of State Police*, 426 Md. 473 (2012).

As alleged in the Complaint (¶ 19), the Maryland equivalents of the crimes for which Plaintiff was convicted in Virginia are felonies (Md. Code Ann. Crim. Law § 8-205, credit card counterfeiting, and § 8-209, receiving property by stolen, counterfeit or misrepresented credit card) and a misdemeanor punishable by more than two years imprisonment (Md. Code Ann. Crim. Law § 8-204). Under *McCloud*, the Virginia offenses would constitute "disqualifying crimes" in Maryland which would prohibit him from possessing handguns or long guns.

As Plaintiff notes in his Complaint (¶20), Maryland does not have a mechanism for restoring eligibility to possess firearms after a disqualifying conviction. Accordingly, the order of the Circuit Court for Spotsylvania County, Virginia restoring the Plaintiff's ability to possess firearms under Virginia law (Complaint ¶ 11) has no effect on Maryland firearms law disqualifications.

B.  The Application of Maryland's Firearms Law Disqualifications Does Not Violate Plaintiff's Rights Under the Second Amendment.

In *U.S. v. Moore*, 666 F3d 313, 319 (2012), the Fourth Circuit Court of Appeals categorically rejected the argument that the federal firearms law prohibiting individuals "convicted in any court of, a crime punishable by imprisonment for a term exceeding one

4

year"[2] on its face violated the Second Amendment. The Court acknowledged, however, that 18 USC 922(g)(1) could be unconstitutional in the face of an as-applied challenge. *Id*.[3]

However, the *Moore* court stated that an individual asserting an as-applied challenge "cannot 'obtain relief based on arguments that a differently situated person might present' . . . a litigant claiming an otherwise constitutional enactment is invalid as applied to him must show that his factual circumstances remove his challenge from the realm of ordinary challenges." *Id*.

In his Complaint (¶ 24), Plaintiff argues that it is unconstitutional to apply Maryland's firearms laws against him due to his "unique personal circumstances" including the nature of his convictions, the restoration of his rights in Virginia, his general law-abiding record over the years, and his asserted trustworthiness with firearms and the asserted lack of danger that his possession of firearms would pose. However, Plaintiff's circumstances are neither unique (none of the cited characteristics is in any way out of the ordinary) nor do they justify a determination that Maryland law, as applied to him, violates the Second Amendment.

The fact that Plaintiff's convictions were for non-violent felonies does not give

---

[2] 18 USC 921(a)(20)(B) defines the term "crime punishable by imprisonment for a term exceeding one year" to include any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of more than two years.

[3] Maryland firearms laws at issue in this case, PS §§ 5-133(b)(1) and 5-205(b)(1), are effectively identical to 18 USC 922(g)(1) in that they also prohibit the possession of firearms by individuals convicted of felonies or state-law misdemeanors punishable by more than two years imprisonment. Accordingly, federal cases concerning the application of the Second Amendment to 18 USC 922(g)(1) are equally applicable to any Second Amendment challenge to PS §§ 5-133(b)(1) and 5-205(b)(1).

support to his Second Amendment challenge. *See*, *U.S. v. Preuss*, 703 F.3d 242, 247 (4th Cir. 2012)("We join our sister circuits in holding that application of the felon-in-possession prohibition to allegedly non-violent felons like Preuss does not violated the Second Amendment.")  And the fact that Plaintiff had his eligibility to possess firearms restored in Virginia is equally irrelevant.  Maryland law does not provide for the restoration of the eligibility to possess firearms after a disqualifying conviction.  Like any other citizen of Maryland convicted of a disqualifying crime, Plaintiff's offenses disqualify him from possessing firearms in Maryland.

Plaintiff's allegation that he is trustworthy and that his possession of firearms would not pose a danger are nothing more than his personal assertions.  And, Plaintiff's convictions are not so far removed in time (less than ten years old) that their disqualifying effect should be nullified.

As was the case in *Moore*, Plaintiff does not fall within the category of citizens to which the Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) ascribed the Second Amendment's protection of "the right of law-abiding responsible citizens to use arms in defense of hearth and home."  Plaintiff was convicted of three felony crimes, the Maryland equivalent of two of which are also felonies (and Maryland equivalent of the third would be a disqualifying misdemeanor).

Plaintiff has not pled facts in his Complaint that show that he has removed "his challenge from the realm of ordinary challenges" – that his circumstances are so different

from those of other felons who are unprotected by the Second Amendment.  His challenge is, in effect, a facial challenge to the constitutionality of the Maryland laws and so must be dismissed.

## CONCLUSION

Plaintiff's Complaint should be dismissed.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

and

_____/s/_____
MARK H. BOWEN (Fed. Bar # 10197)
Assistant Attorney General
1201 Reisterstown Road
Baltimore, Maryland 21208
410-653-4226 (tel.); 410-653-4270 (fax)
mark.bowen@maryland.gov

Dated: October 6, 2015           Attorneys for Defendant