IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES HAMILTON, | ) | Case. No. 1:15-CV-2142-JKB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM L. PALLOZZI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

INTRODUCTION

The familiar rule, holding that a plaintiff's factual allegations must be assumed to be true in evaluating a motion to dismiss, *Cruz* v. *Maypa*, 773 F.3d 138, 141 (4th Cir. 2014), suffices to resolve Defendants' motion. The Complaint plainly alleges facts that, if true (and there is not much question that they are true, *see* cross-motion for summary judgment), make out a valid claim for relief. Other courts have denied motions to dismiss, and granted plaintiffs relief, in similar cases. Defendants' motion should be denied.

ARGUMENT

As Defendants concede, Def. Br., Dkt. 7-1, at 5, and as discussed in greater length in Plaintiff's cross-motion for summary judgment, the Fourth Circuit has repeatedly recognized the existence of as-applied Second Amendment challenges to felon disarmament laws. *See United States* v. *Pruess*, 703 F.3d 242, 245 (4th Cir. 2012); *United States* v. *Carpio-Leon*, 701 F.3d 974, 981 (4th Cir. 2012); *United States* v. *Smoot*, 690 F.3d 215, 221 (4th Cir 2012); *United States* v.

1

*Moore*, 666 F.3d 313, 319 (4th Cir. 2012); *United States* v. *Chester*, 628 F.3d 673, 679 (4th Cir. 2010).

The essential question in such cases is whether the claimant, notwithstanding the disabling convictions, "fall[s] within the category of citizens to which the *Heller* court ascribed the Second Amendment protection of 'the right of *law-abiding responsible* citizens to use arms in defense of hearth and home.'" *Moore*, 666 F.3d at 319 (quoting *District of Columbia* v. *Heller*, 554 U.S. 570, 635 (2008)) (emphasis in *Moore*).

> [I]f a challenger can show that his circumstances place him outside the intended scope of [a felon disarmament provision], he establishes . . . that he is the "law-abiding citizen" identified in *Heller*. And if he is a law-abiding citizen, the possession of a firearm for protection of hearth and home is not just conduct protected by the Second Amendment, it is the core of the Second Amendment's guarantee.

*Suarez* v. *Holder*, No. 14-968, 2015 U.S. Dist. LEXIS 19378, at *17-*18 (M.D. Pa. Feb. 18, 2015).

To show that a person convicted of a disabling offense "nonetheless remain[s] in the protected class of 'law-abiding, responsible' persons," *Carpio-Leon*, 701 F.3d at 981, "a litigant claiming an otherwise constitutional enactment is invalid as applied to him must show that his factual circumstances remove his challenge from the realm of ordinary challenges," *Moore*, 666 F.3d at 319; *Smoot*, 690 F.3d at 221. As to which "factual circumstances" must be evaluated,

> *Heller* does not catalogue the facts we must consider when reviewing a felon's as-applied challenge . . . to evaluate [an] as-applied challenge, we look to the historical pedigree of 18 U.S.C. § 922(g) to determine whether the traditional justifications underlying the statute support a finding of permanent disability in this case.

*United States* v. *Barton*, 633 F.3d 168, 173 (3d Cir. 2011).

History, common-sense, and the precedent noted *supra* all confirm that the traditional justification for disarmament is *dangerousness*. Thus,

2

> To raise a successful as-applied challenge, [an individual] must present facts about himself
> and his background that distinguish his circumstances from those of persons historically
> barred from Second Amendment protections. For instance, a felon convicted of a minor,
> non-violent crime might show that he is no more dangerous than a typical law-abiding
> citizen. Similarly, a court might find that a felon whose crime of conviction is decades-old
> poses no continuing threat to society.

*Id.* at 174.

Hamilton has alleged—and for purposes of this motion, the Court must accept as true—that he is "a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen." Complaint, Dkt. 1, ¶ 15. Defendants may seek to dispute this factual allegation if they wish, but if true—as must be assumed in determining this motion—it would suffice to state a claim for as-applied relief. Consideration of Defendants' motion to dismiss can end here.

But there is more. Hamilton further alleges that the only offenses he committed were non-violent. *Id.* ¶ 9.[1] He alleges that the convicting jurisdiction has not only restored his firearm rights, *id.* ¶ 11, but has registered him as an armed security guard, *id.* ¶ 13. And he alleges that he is a stable family man entrusted in his community with the care, education and well-being of small children. *Id.* ¶ 15.

---

[1] As Defendants correctly note, the predicate offenses need not themselves be violent in order for the prohibition to constitutionally attach. However, the Fourth Circuit has made clear that the nature of one's criminal history is a significant factor in evaluating as-applied challenges. *See Moore*, 666 F.3d at 320; *Smoot*, 690 F.3d at 221 & n.8; *Pruess*, 703 F.3d at 246. The typical non-violent, yet disabling offenses are those that, unsurprisingly, are linked to dangerous behavior. *Pruess*, 703 F.3d at 247 (serious firearms and explosives offenses); *Barton*, 633 F.3d at 174 ("[c]ourts have held in a number of contexts that offenses relating to drug trafficking and receiving stolen weapons are closely related to violent crime").

These facts do not tell the story of a typical felon whose firearms possession would endanger the community, and they stand in sharp contrast to the often violent, disturbing, and lengthy criminal records the Fourth Circuit condemned as typical in cases such as *Moore*, *Pruess*, and *Smoot*.

Courts have denied motions to dismiss similar as-applied challenges. In *Suarez*, the Middle District of Pennsylvania denied a motion to dismiss an as-applied challenge brought by a non-violent misdemeanant, who, like Hamilton, enjoyed a stable family life, lacked any history of violence, had his gun rights restored by his state of residence (Defendants concede Maryland has no such option), and was afforded a position of trust by the government (in Suarez's case, a security clearance). *Suarez*, 2015 U.S. Dist. 19378, at *21-*23. Indeed, in *Suarez*, the district court granted the plaintiffs' motion for summary judgment. Similarly, the Eastern District of Pennsylvania upheld the as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1) brought by a gentleman convicted of corruption of minors for his role in an illicit affair with an underage employee. The offense was non-violent, and like Hamilton, the convicting jurisdiction had restored the plaintiff's firearm rights. *Binderup* v. *Holder*, No. 13-6750, 2014 U.S. Dist. LEXIS 135110 (E.D. Pa. Sept. 25, 2014).

Indeed, Hamilton is puzzled by Defendants' claim that "[h]is challenge is, in effect, a facial challenge to the constitutionality of the Maryland laws and so must be dismissed." Def. Br., Dkt. 7-1, at 7. Hamilton has clearly set forth not only the factual allegation that he is a law-abiding, responsible citizen whose firearms possession would pose no unusual harm, he has further alleged various facts of the sort that courts find dispositive in an as-applied challenger's favor. And he has done so under a count described as an "INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF," based on his "unique personal circumstances," which make it "unconstitutional to apply

4

against Hamilton, personally," the provisions at issue. Complaint, Dkt. 1, at 5-6 & ¶ 24. There is simply no way to read the complaint's only count as a facial challenge.

CONCLUSION

Defendants' motion to dismiss should be denied.

Dated: October 23, 2015                    Respectfully submitted,

By: /s/ Alan Gura                          By: /s/ Cary J. Hansel
    Alan Gura*                                 Cary J. Hansel
    Gura & Possessky, PLLC                     Hansel Law, P.C.
    105 Oronoco Street, Suite 305              2514 N. Charles Street
    Alexandria, VA 22314                       Baltimore, MD 21218
    703.835.9085/Fax 703.997.7665             301.461.1040/Fax 443.451.8606
    alan@gurapossessky.com                     cary@hansellaw.com

    *Admitted pro hac vice                     Attorneys for Plaintiff