## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF MARYLAND

**JAMES HAMILTON**                     *

   **Plaintiff,**                          *

       **v.**                              *          **Civil Case No.  JKB 15-2142**

**WILLIAM L. PALLOZZI, et al.**        *

   **Defendants.**                         *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO THE
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants William L. Pallozzi, Secretary of the Maryland Department of State

Police, and Brian E. Frosh, Attorney General of Maryland, hereby submit this response

memorandum to Plaintiff's motion for summary judgment.

BRIAN E. FROSH
Attorney General of Maryland

MARK H. BOWEN (Fed. Bar # 10197)
Assistant Attorney General
1201 Reisterstown Road
Baltimore, Maryland 21208
410-653-4226 (tel.); 410-653-4270 (fax)
mark.bowen@maryland.gov

Dated: December 4, 2015                    Attorneys for Defendants

## TABLE OF CONTENTS

Page

INTRODUCTION . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    PLAINTIFF'S CLAIM IS NOT RIPE FOR ADJUDICATION . .. . . . . . . . . . . . . . . . . . . . . 2

II.   THE APPLICATION OF PLAINTIFF'S VIRGINIA CONVICTIONS AS
      DISQUALIFICATIONS UNDER MARYLAND'S FIREARMS LAW WOULD NOT
      VIOLATE THE SECOND AMENDMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    Maryland's Firearms Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    The Application of Maryland's Firearms Law Disqualifications
            Would Not Violate Plaintiff's Rights Under the Second Amendment Law. 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

Page

## Cases

*Binderup v. Holder*, No. 13-6750, 2014 U.S. Dist. LEXIS 135110
(E.D.Pa. Sept 25, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Heller v. District of Columbia*, 554 U.S. 570 (2008) . .. . . . . . . . . . . . . . . . . . . . . . . . . 7

*McCloud v. Dept. of State Police*, 426 Md. 473 (2012) . ... . . . . . . . . . . . . . . . . . . . . . . 5

*Miller v. Brown*, 462 F.3d 312 (4th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Suarez v. Holder*, No. 14-968, 2015 U.S. Dist. LEXIS 19378
(M.D. Pa. Feb. 18, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. v. Moore*, 666 F3d 313 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*U.S. v. Preuss*, 703 F.3d 242 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*U.S. v. Smoot*, 690 F. 3d 215 (4th Cir. 2012) . ... . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Constitutional Provisions

U.S. Const., amend. II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## Federal Statutes

18 USC 921. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
18 USC 922. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## State Statutes

Md. Code Ann., Crim. Law § 8-204. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Md. Code Ann., Crim. Law § 8-205. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Md. Code Ann., Crim. Law § 8-209. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Md. Code Ann., Pub. Safety § 5-101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Md. Code Ann., Pub. Safety § 5-117.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Md. Code Ann., Pub. Safety § 5-133 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 6

Md. Code Ann., Pub. Safety § 5-205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Md. Code Ann., Pub. Safety § 5-303 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Md. Code Ann., Pub. Safety § 5-304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Md. Code Ann., Pub. Safety § 5-305 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Md. Code Ann., Pub. Safety § 5-306 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Md. Code Ann., Pub. Safety § 5-312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Md. Code Ann., State Gov't § 10-205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Md. Code Ann., State Gov't § 10-222 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


Va. Code Ann., § 18.2-192 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Va. Code Ann., § 18.2-193 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Va. Code Ann., § 18.2-195 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## INTRODUCTION

The Plaintiff, convicted of three felonies in the Commonwealth of Virginia, filed this action, and is now requesting summary judgment, seeking declaratory and injunctive relief to prevent the Defendants from enforcing provisions of Maryland's firearms laws against him based on those convictions.  However, Plaintiff's claim is not ripe for adjudication because the Plaintiff has not even applied to obtain a handgun carry permit or handgun qualification license and the Defendants have taken no action, or explicitly threatened to take any action, against Plaintiff.  Additionally, Plaintiff's claim that the application of disqualifications under Maryland's firearms laws based on his Virginia convictions would violate his right to keep and bear arms in the Second Amendment to the United States Constitution fails because laws prohibiting felons from possessing firearms are facially valid, and Plaintiff has not shown factual circumstances that remove his challenge from the realm of ordinary challenges to such laws.

## FACTUAL BACKGROUND

Plaintiff acknowledges that he was convicted in 2006 in Viriginia of three felony offenses:  credit card fraud, Va Code Ann. § 18.2-195; credit card theft, Va Code Ann. § 18.2-192; and credit card forgery, Va Code Ann. § 18.2-193, and that as a result of those convictions, he lost the ability to lawfully possess firearms.  Complaint ¶ 9.  Plaintiff states that his ability to possess firearms under Virginia law, and federal law, was restored by Virginia court order in 2014.  Complaint ¶ 11, 12.

1

Plaintiff alleges that he "sought" a permit to carry a handgun from the Maryland State Police, but was informed by the Maryland State Police Licensing Division that he could not possess a firearm due to his Virginia convictions, unless he were to obtain a full pardon from Virginia's governor.  Complaint ¶ 20.  The Licensing Division has no record of Plaintiff having submitted an application to obtain a handgun carry permit, or an application to obtain a handgun qualification license (which is required to purchase a handgun), or any communication between Plaintiff and personnel of the Division.  *See* attached Declaration of Captain Adam Stachurski.

## ARGUMENT

I.    PLAINTIFF'S CLAIM IS NOT RIPE FOR ADJUDICATION.

"A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties" *Miller v. Brown*, 462 F.3d 312 (2006).  In this case there is no specific or final action by the Defendants concerning Plaintiffs' ability to receive a permit to carry a handgun or to purchase firearms.

Plaintiff's complaint in this action is apparently based on a single, informal contact with an unnamed employee of the Department of State Police concerning his intention to obtain a permit to carry a handgun.  Plaintiff alleges that he "sought a permit to carry a handgun from the Maryland State Police.  The police's Licensing Division informed Hamilton that he could not possess a firearm in Maryland owing to his Virginia conviction, unless he were to obtain a full pardon from Virginia's governor."  Complaint ¶ 20.

2

Plaintiff does not allege that he submitted an application to the MSP to obtain a handgun carry permit, and which was denied, that he submitted an application to the MSP to obtain a handgun qualification license (necessary in order to purchase a handgun in Maryland), and which was denied, or that he was forbidden the opportunity to submit either or both.[1]   Plaintiff does not allege that he received any formal (letter or email) response to his handgun permit inquiry, or that he received any documented or specific threat of prosecution or other law enforcement action from either the Maryland State Police or the Office of the Attorney General.   A review of the records of the Maryland State Police Licensing Division disclosed no applications submitted by Plaintiff and no documented communications between Plaintiff and the Licensing Division.   *See* Declaration of Captain Stachurski.

Had Plaintiff actually submitted an application to obtain a handgun carry permit, or an application for a handgun qualification license, his application would have been investigated, including a fingerprint-based check, to establish his identity and determine whether he was prohibited from possessing a handgun for any of the thirteen reasons set forth in PS § 5-133, or from receiving a permit to carry a handgun for any of the additional reasons

---

[1]   Maryland law requires a person to have a handgun carry permit before wearing, carrying or transporting a handgun, and a handgun qualification license before purchasing a handgun. Md. Code Pub. Safety ("PS") §§ 5-303, 5-117.1.   Both the handgun carry permit and the handgun qualification license are issued by the Maryland State Police based upon the submission of application and an investigation, including a fingerprint-based background check.   PS §§ 5-304 through 5-306, 5-117.1.

set forth in PS § 5-306.  If Plaintiff was disqualified for any reason other than his Virginia conviction, his challenge concerning the use of that conviction by Defendants in any hypothetical future action against Plaintiff would be moot.

Additionally, if Plaintiff's application was denied by the Maryland State Police, Plaintiff would have been entitled to an administrative hearing before the Handgun Permit Review Board (in the case of an application for a permit to carry a handgun, PS § 5-312) or the State's Office of Administrative Hearings (in the case of an application to purchase a handgun, PS § 5-117.1; Md. Code State Gov't § 10-205) both of which agencies are independent of the Maryland State Police.  And, he would have had the right to subsequent judicial review of any adverse administrative decision.  PS §§ 5-312, 5-117.1; Md. Code State Gov't § 10-222.

In the absence of any actual and specific action, or threat of action, against Plaintiff, his challenge to the potential use of his Virginia conviction in a future, hypothetical licensing decision or law enforcement action is premature and not ripe for adjudication.

II.   THE APPLICATION OF PLAINTIFF'S VIRGINIA CONVICTIONS AS DISQUALIFICATIONS UNDER MARYLAND'S FIREARMS LAW WOULD NOT VIOLATE THE SECOND AMENDMENT.

A.   Maryland's Firearms Law

Maryland law generally prohibits the possession of handguns, rifles and shotguns by persons who have been convicted of "a violation classified as a felony in the State" or "a

4

violation classified as a misdemeanor in the State that carries a statutory penalty of more than 2 years." PS §§ 5-101(g), 5-133(b)(1) and 5-205(b)(1).  The Maryland Court of Appeals has held that the definition of "disqualifying crime" in PS § 5-101(g) includes out-of-state convictions and, that for misdemeanor crimes, when determining whether such a conviction is a disqualifying crime, an agency must look to the maximum penalty for the equivalent offense in Maryland.  *McCloud v. Dept. of State Police*, 426 Md. 473 (2012).

As alleged in the Complaint (¶ 19), the Maryland equivalents of the crimes for which Plaintiff was convicted in Virginia are felonies (Md. Code Ann. Crim. Law § 8-205, credit card counterfeiting, and § 8-209, receiving property by stolen, counterfeit or misrepresented credit card) and a misdemeanor punishable by more than two years imprisonment (Md. Code Ann. Crim. Law § 8-204).   Under *McCloud*, the Virginia offenses would constitute "disqualifying crimes" in Maryland which would prohibit him from possessing handguns or long guns.

As Plaintiff notes in his Complaint (¶20), Maryland does not have a mechanism for restoring eligibility to possess firearms after a disqualifying conviction.  The order of the Circuit Court for Spotsylvania County, Virginia restoring the Plaintiff's ability to possess firearms under Virginia law (Complaint ¶ 11) has no compulsory effect on Maryland firearms law disqualifications.

5

B.      The Application of Maryland's Firearms Law Disqualifications Would Not Violate
        Plaintiff's Rights Under the Second Amendment.

In *U.S. v. Moore*, 666 F3d 313, 319 (4th Cir. 2012), the Fourth Circuit Court of

Appeals categorically rejected the argument that the federal firearms law prohibiting

individuals "convicted in any court of, a crime punishable by imprisonment for a term

exceeding one year"[2] on its face violated the Second Amendment.  The Court acknowledged,

however, that 18 USC 922(g)(1) could be unconstitutional in the face of an as-applied

challenge.  *Id.*[3]

However, the *Moore* court stated that an individual asserting an as-applied challenge

"cannot 'obtain relief based on arguments that a differently situated person might present'

. . . a litigant claiming an otherwise constitutional enactment is invalid as applied to him must

show that his factual circumstances remove his challenge from the realm of ordinary

challenges."  *Id*.

In his Complaint (¶ 24), Plaintiff argues that it is unconstitutional to apply Maryland's

firearms laws against him due to his "unique personal circumstances" including the nature

---

[2]  18 USC 921(a)(20)(B) defines the term "crime punishable by imprisonment for a term exceeding one year" to include any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of more than two years.

[3]  Maryland firearms laws at issue in this case, PS §§ 5-133(b)(1) and 5-205(b)(1), are effectively identical to 18 USC 922(g)(1) in that they also prohibit the possession of firearms by individuals convicted of felonies or state-law misdemeanors punishable by more than two years imprisonment.  Accordingly, federal cases concerning the application of the Second Amendment to 18 USC 922(g)(1) are applicable to any Second Amendment challenge to PS §§ 5-133(b)(1) and 5-205(b)(1).

of his convictions, the restoration of his rights in Virginia, his general law-abiding record over the years, and his asserted trustworthiness with firearms and the asserted lack of danger that his possession of firearms would pose. However, Plaintiff's circumstances are neither unique (none of the cited characteristics is in any way out of the ordinary) nor do they justify a determination that Maryland law, as applied to him, violates the Second Amendment.

As was the case in *Moore*, Plaintiff does not fall within the category of citizens to which the Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) ascribed the Second Amendment's protection of "the right of law-abiding responsible citizens to use arms in defense of hearth and home." Plaintiff was convicted of three felony crimes, the Maryland equivalent of two of which are also felonies (and Maryland the equivalent of the third would be a disqualifying misdemeanor).

The fact that Plaintiff's convictions were for non-violent felonies does not give support to his Second Amendment challenge. *See*, *U.S. v. Preuss*, 703 F.3d 242, 247 (4th Cir. 2012)("We join our sister circuits in holding that application of the felon-in-possession prohibition to allegedly non-violent felons like Preuss does not violated the Second Amendment.") And the fact that Plaintiff had his eligibility to possess firearms restored in Virginia is equally irrelevant. Maryland law does not provide for the restoration of the eligibility to possess firearms after a disqualifying conviction. Like any other citizen of Maryland convicted of a disqualifying crime, Plaintiff's convictions would disqualify him from possessing firearms in Maryland.

7

Plaintiff's allegation that he is trustworthy and that his possession of firearms would not pose a danger are nothing more than his personal assertions.  And, Plaintiff's convictions are not so far removed in time (less than ten years old) that their disqualifying effect should be nullified.[4]

In the declaration he filed in support of his motion for summary judgment, Petitioner asserts that he intends to possess a handgun and a long gun to defend himself and his familty at home.  Declaration of James Hamilton, ¶ 14.  Plaintiff's general desire to possess firearms does not distinguish his challenge from the realm of ordinary challenges.  "Like the threat in *Moore*—the potential for being robbed in a bad neighborhood—any threat to Smoot [who claimed that "other people were looking for him"] was 'far too vague and unsubstantiated to remove his case from the typical felon in possession case.'" *U.S. v. Smoot*, 690 F. 3d 215, 222 (2012), quoting *Moore*, 666 F.3d at 320.

Plaintiff has not presented facts in his Complaint that show that he has removed "his challenge from the realm of ordinary challenges" – that his circumstances are so different from those of other felons who are unprotected by the Second Amendment.  His challenge

---

[4]  In support of his motion for summary judgment, Plaintiff cites *Suarez v. Holder*, No. 14-968, 2015 U.S. Dist. LEXIS 19378 at 17-18 (M.D. Pa. Feb. 18, 2015) and *Binderup v. Holder*, No. 13-6750, 2014 U.S. Dist. LEXIS 135110 (E.D.Pa. Sept 25, 2014).  However in both of those cases the individual's convictions were significantly more than 10 years old (nearly 25 years for Suarez and 16 years for Binderup).  Additionally, both Suarez and Binderup were only convicted of misdemeanor crimes.

is, in effect, a facial challenge to the constitutionality of the Maryland laws and so must be dismissed.

## CONCLUSION

Plaintiff's motion for summary judgment should be denied and the complaint should be dismissed.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

and

_____/s/_____
MARK H. BOWEN (Fed. Bar # 10197)
Assistant Attorney General
1201 Reisterstown Road
Baltimore, Maryland 21208
410-653-4226 (tel.); 410-653-4270 (fax)
mark.bowen@maryland.gov
Dated: December 4, 2015                 Attorneys for Defendants